PER CURIAM.
Shannon Stevens appeals from the summary denial of his motion for postconviction relief. We affirm.
Stevens motion contained several claims for relief, most of which were facially insufficient or appropriate for review only by direct appeal. Stevens, however, did allege that his plea of guilty to charges of violating probation were not made with full knowledge of the possible consequences. Because the trial court, in denying the motion, did not attach sufficient record evidence to refute this claim, we remanded for further proceedings. Stevens v. State, 502 So.2d 1353 (Fla. 2d DCA 1987).
The trial court has now furnished us with a transcript of the hearing in question. We find that at the violation of probation hearing, the' court adequately apprised Stevens of the consequences of a guilty plea, and that Stevens indicated he understood those consequences. The principal allegation against Stevens was that he had failed to complete a drug rehabilitation program successfully. Stevens admitted that. After further discussion, however, it became apparent that Stevens disputed whether his termination from the program was justified. The hearing was then continued to ascertain whether Stevens was adequately apprised of the specific program rule he was alleged to have disobeyed. At the second hearing the court specifically found against Stevens on this point. Thus the real issue is not whether Stevens voluntarily admitted violating his probation, but whether there was sufficient evidence for the court to determine he had done so. Such an issue must be argued, if at all, on direct appeal from the judgment and sentence. The trial court correctly denied the motion for postconviction relief, filed some three and one-half years after the imposition of that sentence.
Affirmed.
DANAHY, C.J., and RYDER and HALL, JJ., concur.